McCunn, J.
The defendant Nussbaum, and one Strauss, were partners in trade, and on the 6 th of January, 1862, they made an assignment of their property for the benefit of their creditors. The defendant Nussbaum had no individual property, or assets, to assign. The firm of Nussbaum & Strauss had some little personal property. Strauss had real estate of his own, which, of course, under the assignment, went to pay the partnership debts. The partnership- debts were all paid or compromised by Strauss. By order of the Supreme Court, after such payment, and by and with the consent of all their creditors, the real estate belonging to Strauss was reconveyed to him by the assignee, and the assignee relieved from all the trusts under the assignment.
The plaintiff herein, after the defendant had been relieved as assignee from all the trusts, and after he had reconveyed the property to Strauss, obtained judgment against Nussbaum for an individual indebtedness, and now he seeks to hold the assignee personally responsible for the amount of said judgment obtained against Nussbaum, because the assignee reassigned the real estate, which originally belonged to Strauss, back to Strauss again.
I fully concur with the chief justice in saying that the plaintiff, in this action, cannot recover, and that the judgment below should be affirmed, for two reasons.
First. When Nussbaum joined in the assignment with Strauss, he had no individual property, and therefore could assign none; consequently, the real estate that reached the hands of the assignee, through the assignment, was the individual property of Strauss, and the judgment by the plaintiff, in this case, being against Nussbaum individually, and not against the firm, "or for a firm , debt, the plaintiff herein has no equity to entitle him to have the individual property of Strauss applied to pay a judgment against Nussbaum.
Second. The order of the Supreme Court relieving the defendant herein from all responsibility as trustee, under the assignment, not having been set aside, or modified, and it having been offered and received in evidence in this case, is a *564 complete bar to the action. (See the cases cited in the chief justice’s opinion.)